IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| KANSAS CITY POWER & LIGHT GREATER MISSOURI OPERATIONS COMPANY, GOLDEN BEAR HYDRO, INC., G.B. HYRDRO PARTNERS LIMITED PARTNERSHIP, and ENERGIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARL E. BERG and CLYDE J. BERG <br><br> Defendants. | Case No. 10-cv-00578-REL <br><br> (Oral Argument Requested) |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

COME NOW Defendants Carl E. Berg and Clyde J. Berg (collectively, "Defendants"), and file their Motion to Dismiss Or, In the Alternative, To Transfer Venue ("Motion"), seeking to dismiss Plaintiffs' Petition in its entirety for lack of standing to sue, improper venue, and for failing to state a claim upon which relief can be granted, or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). This Motion is based on this Motion, Defendants' Suggestions in support thereof and the exhibits attached thereto, and any evidence or argument submitted to the Court at a hearing on this Motion.

## BASIS OF MOTION

Plaintiffs Kansas City Power & Light Greater Missouri Operations Co. ("GMO"), Golden Bear Hydro, Inc. ("Golden Bear"), G.B. Hydro Partners Limited Partnership ("GBH"), and Energia, Inc. ("Energia") (collectively, "Plaintiffs") filed a five-count Petition against

Defendants asserting claims of breach of contract, breach of fiduciary duty (two counts), fraudulent omission, and civil conspiracy arising out of the purchase of a partnership's ("Mega Renewables" or the "Partnership") debt obligation by one of the limited partners of a general partner of Mega Renewables, and the failure of that limited partner to pass the discount he obtained on the note along to Mega Renewables. As is more fully set forth in Defendants' Suggestions in support of the Motion, the Petition should be dismissed on the following grounds:

1. <u>Plaintiffs Lack Standing</u>. Plaintiffs GMO, Golden Bear, and Energia lack standing to prosecute the claims set forth in the Petition because none of those Plaintiffs were parties to the Partnership Agreement, nor were they intended third party beneficiaries of the Agreement. *See Baldwin v. Marina City Properties, Inc.*, 79 Cal.App.3d 393, 406 (1978); *Kammerer v. Millenium WDG/Retail Partners*, 2002 WL 1064528, at *10-11 (Cal. Ct. App. May 29, 2002); *Madison Realty Partners 7, LLC v. ISA P'ship Liquidity Investors*, 2001 WL 406268, *5 (Del. Ch. Apr. 17, 2001). All of the Plaintiffs further lack standing to sue because the claims set forth in the Petition belong to the Partnership, and cannot be brought by the individual partners. *See* Cal. Corp. Code § 16405(a); *Mayer v. Driver*, 98 Cal.App.4th 48, 60 (2002); *Tinseltown Video, Inc. v. Transportation Ins. Co.*, 61 Cal.App.4th 184, 200 (1998); *In re Weksel*, 130 A.D.2d 640, 641 (N.Y. Sup.Ct. App. Div. 1987) (applying California law); *In re Balizan-Diaz*, Case No. 04-1159 S, slip op. at 22-25 (Bankr. D.N.M. Mar. 16, 2005).

2. <u>Plaintiffs Fail to Adequately State a Claim For Relief</u>. Plaintiffs' breach of contract claim against Defendant Carl Berg fails because Plaintiffs fail to adequately plead (i) their own performance or excuse for nonperformance, and (ii) any breach by Carl Berg. *See Baldwin*, 79 Cal.App.3d at 406 (affirming dismissal of non-partners' action alleging breach of partnership agreement); *Madison Realty Partners 7*, 2001 WL 406268, *5, *8 (dismissing breach

of partnership agreement claim by non-signatory affiliates of partner). Plaintiffs' breach of fiduciary duty claims fail to adequately allege the existence of a fiduciary duty. *See* Cal. Corp. Code § 16404; *Baldwin*, 79 Cal.App.3d at 406; *AB Group v. Wertin*, 59 Cal.App.4th 1022, 1028, 1033 (1997); *Skone v. Quanco Farms*, 261 Cal.App.2d 237, 241 (1968). Plaintiffs further fail to state a claim for fraudulent omission because they do not adequately allege that Defendants had a legal duty to disclose information, nor do they allege justifiable reliance on any alleged material omission. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 806-07 (2007). Finally, Plaintiffs' civil conspiracy claim fails because each of Plaintiffs' underlying tort claims requires dismissal. *See, e.g., Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994); *Richard B. LeVine, Inc. v. Higashi*, 131 Cal.App.4th 566, 574 (2005).

3. <u>Plaintiffs' Claims Are Time-Barred</u>. As set forth and defined in Defendants' Suggestions in support of this Motion, Plaintiffs' "Purchase Claim" and "Discount Claim" theories of recovery are time-barred because the causes of action relating to those theories accrued, at the latest, no later than May 1998, and the longest potentially applicable statute of limitation on any of Plaintiffs' claims would have expired by May 2003.

4. <u>This Is an Improper Forum Under 28 U.S.C. § 1391(a)</u>. Neither the subject matter nor the "events or omissions giving rise" to Plaintiffs' claim arose in the Western District of Missouri, and thus venue is not proper in this district under 28 U.S.C. § 1391(a)(2). *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003); *Barber v. Simpson*, 94 F.3d 648 (8th Cir. 1996); *Apollo Products, Inc. v. Marino*, 2006 WL 1798250, at *3 (W.D.Mo. June 28, 2006). Because the Northern District of California would have been a proper forum for this lawsuit to have been brought under 28 U.S.C. §

1391(a)(1), the case should either be dismissed, or transferred to that district under 28 U.S.C. § 1406(a).

5. <u>Alternatively, the Case Should Be Transferred Under 28 U.S.C. § 1404(a)</u>. In the event the Court finds that venue is proper in this district, Defendants alternatively request that venue be transferred to the Northern District of California for the convenience of the parties and witnesses, and in the interest of justice.

## **CONCLUSION**

For the reasons set forth above, as well those set forth in Defendants' Suggestions in support of this Motion, Defendants Carl E. Berg and Clyde J. Berg respectfully request an order from this Court dismissing Plaintiffs' Petition in its entirety, with prejudice, and granting Defendants all other relief to which the Court deems them entitled. Alternatively, Defendants request an order transferring this case to the Northern District of California.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(g), Defendants respectfully request oral argument on this Motion.

Respectfully Submitted,

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Thomas M. Martin
    Thomas M. Martin MO Bar # 38811
    Joseph E. Bant    MO Bar # 61145
    1010 Walnut, Suite 500
    Kansas City, Missouri 64106
    TEL:  (816) 421-2500
    FAX:  (816) 472-2500
    Email: tmmartin@lrf-kc.com
    Email: jebant@lrf-kc.com

ATTORNEYS FOR DEFENDANTS
CARL E. BERG & CLYDE J. BERG

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first-class mail, postage prepaid, and via the Court's ECF system on this 16th day of July 2010, upon:

Todd P. Graves
David L. Marcus
Graves Bartle Marcus & Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
**Attorneys for Plaintiffs**

/s/ Thomas M. Martin
Attorney for Defendants

F:\LRF\CNelson\KC Power & Light v. Berg\Defendant Motion to Dismiss.docx