IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KANSAS CITY POWER & LIGHT GREATER MISSOURI OPERATIONS COMPANY, GOLDEN BEAR HYDRO, INC., G.B. HYDRO PARTNERS LIMITED PARTNERSHIP, and ENERGIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARL E. BERG and CLYDE J. BERG, <br><br> Defendants. | No. 10-0578-CV-W-DW |

**ORDER**

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. 9). For the following reasons, the motion is granted.

I. Background

Plaintiffs Kansas City Power & Light Greater Missouri Operations Co. ("GMO"), Golden Bear Hydro, Inc. ("Golden Bear"), G.B. Hydro Partners Limited Partnership ("GBH"), and Energia, Inc. ("Energia") (collectively, "Plaintiffs") brought this lawsuit to assert claims arising out the purchase of a partnership's ("Mega Renewables" or the "Partnership") debt obligation by one of the limited partners of a general partner of Mega Renewables.

GMO, Golden Bear, and Energia all have principal places of business in Kansas City, Missouri. GBH is a Minnesota limited partnership. Defendants are limited partners in West Coast Venture Limited ("West Coast"), a California limited partnership, and reside in San Mateo, California.

The Partnership Agreement referred to in Plaintiffs' Petition is the Mega Renewables

Partnership Agreement, under which West Coast, R.L.Staepelaere, Inc. ("RLSI") and GBH were general partners and GBH was the managing general partner. GBH was a limited partnership consisting of two general partners, Golden Bear and Burney Corporation ("Burney"), and one limited partner, Energia. Burney was the managing general partner of GBH, and managed Mega Renewables through its affiliate Independent Hydro Developers, Inc.

The stated purpose of Mega Renewables was to "engage in the business of acquiring, developing, constructing and operating" certain hydroelectric power plants in Shasta County, California. Both West Coast and RLSI were located in California, while GBH was located in Minnesota. The Partnership Agreement was to be "governed by, and construed and enforced in accordance with, the laws of the State of California."

II.     Discussion

In this action Plaintiffs allege claims for breach of contract, breach of fiduciary duty, fraudulent omission, and conspiracy. Defendants raise various grounds for dismissal under Rule 12(b)(6), including lack of standing, failure to state a claim, and statute of limitations. Defendants also argue that the action should be dismissed under 28 U.S.C. § 1391(a) because the Western District of Missouri is an improper venue. Alternatively, Defendants move for transfer of this action to the Northern District of California under 28 U.S.C. § 1404(a). The Court finds that venue is improper and, therefore, need not address Defendants' remaining arguments.

Under 28 U.S.C. § 1391(a)(2) venue in a diversity case such as this is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In deciding whether venue is proper under the statute, the only question is whether the district the plaintiff chose has a substantial connection to the claim, whether or not other forums

have greater contacts. Setco Enters. Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994). For venue determinations under § 1391(a)(2), the Court does not decide which district among the potential forums is the 'best' venue. Id. To resolve the motion to dismiss, the Court must analyze only whether this judicial district in Missouri has a substantial connection to the claims in the case, without considering either any connection between the Northern District of California and the claims or any comparison of this judicial district's connection and the connection of the Northern District of California to the claims.

Here, the "events and omissions" of which Plaintiffs complain—that the Defendants "failed to seek approval and/or fully disclose the current conditions of the loan obligations," "failed to disclose the benefits received as a result of the transaction with Prudential," "failed to account to the partnership the use of partnership property in connection with Mega Renewables debt obligations," "directed partnership property, without approval or informed consent from the partnership, to Clyde E. Berg," "improperly used partnership property by incorrectly calculating the management and administration fees due to the partnership under the Agreement," "improperly claimed several hundred thousand dollars of management and administration fees and failed to account such benefit to the partnership," "failed to disclose that Clyde Berg was causing Mega Renewables to repay the full outstanding balance on the notes he purchased from Prudential," and "fraudulently omit[ed] material facts of the transaction with Prudential"—did not occur in Missouri. Furthermore, the agreement under which these claims arise was not entered to in Missouri. None of the partners of Mega Renewables, nor the Partnership itself, has a principal place of business in Missouri.

Defendants also raise the threshold issue of who are the proper parties to this action. Who

are proper plaintiffs will ultimately need to be resolved and if it is determined that only GBH is a proper plaintiff, then no party is actually located in Missouri. Although the Court is not resolving this standing issue at this time, the presence of this issue further emphasizes the remoteness of the Missouri forum to this matter.

Plaintiffs counter that Carl Berg communicated via telephone with and sent documents related to the debt purchase transaction to Tom Wertz, a representative of Energia and agent of GMO. Tom Wertz is in Kansas City, Missouri. Plaintiffs also state that Mr. Wertz made repeated requests to Carl Berg for information related to the debt purchase transaction. Finally, Plaintiffs state that the written consent for the transaction by Energia and Golden Bear was executed in Missouri.

After careful review of the pleadings and the parties' briefs, the Court cannot say that a "substantial part" of the events or omissions occurred in Missouri. Accordingly, dismissal for improper venue is appropriate.

### III. Conclusion

For the reasons stated above, the Court ORDERS that:

1)   Defendants' Motion to Dismiss (Doc. 9) is GRANTED.

2)   This case is dismissed without prejudice.

Date:   November 16, 2010              /s/ Dean Whipple
                                        Dean Whipple
                                        United States District Judge